* Motion for rehearing denied, with $25 costs, on June 6, 1950. *Page 562 
In August, 1946, Frederick Haueter, plaintiff and appellant, and another, brought an action against three directors of Highland Memorial Park, Inc. (hereinafter called the "company"), alleging that the defendants were attempting to oust appellant as president and general manager of said corporation contrary to the vote of a majority of the stockholders, and to restrain them from so doing. Upon stipulation of the parties, the court directed that Highland Memorial Park, Inc., be interpleaded as a defendant. The company filed a cross complaint alleging that appellant had collected certain funds for the company which were not recorded in the books of the. company and that he had, without authorization by the directors, issued certain company checks to himself and others, demanding an accounting therefor. Before trial of the action a stockholders' meeting was held, and Haueter was not elected as a director and officer of the company. Thereafter, upon motion of appellant the complaint was dismissed, and the matter was tried upon the issues raised by the cross complaint. Frederick Haueter appeals from a judgment entered April 8, 1949, in favor of the company and against him. The facts will be stated in the opinion.
The company was incorporated in 1929 under the laws of Wisconsin and has been engaged since that time in the operation of a Cemetery located in Waukesha county. Appellant was annually elected president thereof and had general superintendency of the business of the *Page 564 
company from 1929 until he was discharged in August, 1946. His salary was originally fixed at $500 per month. In the early 1930s the company encountered financial difficulties. Appellant was unable to draw his salary in full and the salary was reduced on March 1, 1933, to $200 per month. He drew no salary for a long period after April 1, 1935. Haueter sold cemetery lots and markers and collected burial fees that were not entered on the books of the company nor deposited in its bank account. He contends that he expended a portion of the withheld receipts for corporate purposes and that he was entitled to commissions on the sale of lots and markers. On October 2, 1937, the open account of Haueter showed a balance due the company. The board of directors authorized an offset of salary against this balance. Subsequently a write-off as of December 31, 1937, was taken by Haueter without action by the directors, which was excessive in the amount of $858.31.
After a substitution of attorneys for plaintiffs because of the death of their former attorney, plaintiffs prepared an amended answer to the cross complaint and moved for leave to file and serve the same before trial. The motion was taken under advisement, but was not granted until after trial.
The court ordered the company to file a bill of particulars of all amounts claimed by it from October 1, 1937, to August 31, 1946, and ordered Haueter to file an accounting for the same period. The case was tried upon the issues so raised.
There are more than twelve hundred pages in the record, with fifty-seven exhibits. To discuss all the facts in detail would unduly lengthen this opinion and make laborious reading that would not be informative to persons other than the parties and attorneys in the case. Additional facts will be discussed in relation to certain questions presented by the appeal. *Page 565 
The first contention of the appellant is that the cross complaint of the company should be dismissed under the doctrine that he who seeks equity must do equity. He argues that the directors accepted his extraordinary services for little compensation, knew of his poor accounting practices for more than ten years prior to his discharge, and acquiesced in the same; that their conduct and acquiescence for such a length of time put him in a position where he was unable to produce record proof of his disbursements and therefore, instead of being damaged, the company is being unjustly enriched. There is no contention that the stockholders condoned or ratified his acts in any manner. The argument is ingenious but unconvincing, and the action of the trial court in refusing to dismiss the cross complaint is affirmed.
The next question to be determined is what statute of limitations should be applied. In his amended answer appellant admitted the retention of certain funds belonging to the Company but limited said admissions to 1941 and subsequent years. He pleaded the statute of limitations as to any items in the cross complaint and bill of particulars where the transactions arose more than six years prior to the service of the cross complaint on April 21, 1947. Upon the appeal appellant relies upon sec. 330.19 (3) and (6), Stats. These subsections read as follows:
"330.19 . . . Within six years: . . .
"(3) An action upon any other contract, obligation, or liability, express or implied, except those mentioned in sections 330.16 and 330.18. . . .
"(6). An action to recover personal property or damages for the wrongful taking or detention thereof."
The respondent contends that the six-year statute was not properly pleaded and that the applicable subsection is 330.18 (4), Stats., which reads: *Page 566 
"330.18 . . . Within ten years: . . .
"(4) An action which, on and before the twenty-eighth day of February in the year one thousand eight hundred and fifty-seven, was cognizable by the court of chancery, when no other limitation is prescribed in this chapter."
The meaning of the last-quoted subsection has been passed upon by this court and the following quotations show when it is to be applied:
"It abundantly appears from the complaint that more than six years had elapsed between the time of the commission of the acts for which such officers and directors are sought to be held liable and the date they were made parties to this action, so that, unless they are brought within some rule which prevents the running of the statute, they may invoke it, and thus resist the claims sought to be enforced against them." Boyd v. Mutual Fire Asso. 116 Wis. 155,177, 90 N.W. 1086, 94 N.W. 171.
"It is plain that, however the relations of corporate officers to their corporation and its stockholders may be defined, such relations are not `technical and continuing trusts,' cognizable solely in a court of equity, which Chancellor Kent declares are the only trusts not affected by the statute of limitations. The various causes of action stated in the complaint for misapplication of funds were rights of action in favor of the corporation, upon which actions at law could have been commenced when the act was done." Boyd v.Mutual Fire Asso., supra, p. 185.
"The trial court held that the cause of action was barred by the six-year statute of limitations. This ruling is challenged upon this appeal. It is contended by appellants that the action is cognizable solely by a court of equity, and falls within the provisions of sec. 330.18 (4), Stats., which requires such actions to be brought within ten years. The argument is that the defendant became the trustee of an express trust, and that the controversy fails within the exclusive jurisdiction of a court of equity.
"It is true that in many respects courts of equity have primary and exclusive jurisdiction over controversies arising out of trust and trust relations. . . . *Page 567 
"Note the restrictions upon the exclusive field of a court of equity. Such field is limited to the establishment, enforcement, and protection and preservation of the trust. That many controversies arising between trustees and cestuis quetrustent are and always have been cognizable by courts of law, is not to be questioned. At any rate, it has always been so considered by this court." Woodmansee v. Schmitz,202 Wis. 242, 244, 232 N.W. 774.
"Since plaintiff contends that the complaint states a cause of action in equity, sec. 330.18 (4), Stats., is made the basis of a contention that the ten-year statute is applicable. However, we have already indicated that the complaint alleges an ordinary legal cause of action on implied contract, and whatever standing plaintiff has in equity is due to the inadequacy of the legal remedy. Hence, assuming that the complaint states a cause of action in equity, the action is not one that was ever solely cognizable by a court of chancery, but one in which a court of equity exercises a merely concurrent jurisdiction. The statutes of limitations applicable to legal causes of action apply." Milwaukee v. Drew,220 Wis. 511, 525, 265 N.W. 683.
It is apparent from the above that sec. 330.18 (4), Stats., does not apply in all cases where equitable relief is sought, but only in controversies between trustee and cestui quetrustent as to the establishment, enforcement, protection, and preservation of trusts and when the court of chancery had sole and exclusive jurisdiction. Under these decisions it is clearly apparent that the six-year statute of limitations applies. The statute was sufficiently pleaded and it was within the discretion of the trial court to permit the amendment.
The application of the six-year statute would eliminate from consideration all transactions arising prior to April 21, 1941. The various items, however, are only broken down by years and in his brief the appellant only asks for the elimination of items against him arising prior to the year 1941. We shall so apply it when considering the findings of fact.
The appellant contends that the parties stipulated as to certain figures and that no effect was given to the stipulation in *Page 568 
Finding of Fact V. The respondent states that the so-called stipulation was merely an admission by the appellant, and that it is not binding upon the respondent. With reference to this dispute the following appears in the record:
"(Before court session began, Mr. Morgan dictated following stipulation, with other counsel, Mr. Haueter and Mr. Zedler, present.)
"With reference to item 1 of the bill of particulars of the complainant's demand, it is stipulated that $17,277 was received by Frederick Haueter which has not been entered in the books of the corporation, nor traceable into the bank account of the company. of this amount, $185 was for burial fees received before January 1, 1938. The breakdown of this total sum of $17,277 by years, will be supplied by Mr. Leonard Zedler.
"With reference to item 2, it is stipulated that Mr. Haueter received $4,400 that has not been entered in the books of the corporation or traceable into its bank account. of this amount, $370 was received prior to April 21, 1942 — 1941, pardon me.
"With reference to item 3, it is stipulated that Frederick Haueter received $1,324.05, which has not been recorded in the books of the corporation nor traceable into its bank account . . . .
"All items herein referred to are in the complainant's demand.
"(The foregoing stipulation was read when court session was resumed at 2:40 p.m.)
"Mr. Herriott: Should the record not show that Mr. Frederick Haueter was there when the stipulation was dictated into the record?
"Mr. Morgan: That has your approval, Mr. Haueter ?
"Mr. Haueter: Yes, sir."
"Mr. Herriott: Q. Mr. Zedler, the stipulation has been entered in this action with respect to items 1, 2, and 3, but to complete the record, you did investigate, and the results of your investigation are incorporated in that stipulation, with reference to Exhibits 9, 10, and 11, is that not correct? A.
Oh, yes. . . . *Page 569 
"Mr. Morgan: If the court please, I now move that exhibits having reference to items 1, 2, and 3 of the plaintiff's bill of particulars, regarding which we just finished dictating a stipulation, be withdrawn as needlessly incumbering the records. We have agreed upon those items. Why spend more time on exhibits relating to those items?
"Mr. Herriott: My response is that the testimony of the witnesses referred to them in different places, and is understandable only by reference to them."
"Mr. Morgan: At the last session we stipulated that Mr. Haueter had received certain moneys belonging to Highland Memorial Park that are referred to in item 1 of the bill of particulars, and likewise stipulated that he had received certain moneys of Highland Memorial Park that were referred to in item 2 of the bill of particulars; and it was agreed at that time that Mr. Zedler would furnish, to be filed in court, a breakdown of the amounts so received from year to year, under items 1 and 2. And I now ask that this Zedler breakdown be marked as Exhibit No. 54 and received in the case.
"The Court: Stipulated to, Mr. Herriott?
"Mr. Herriott: Correct. No objection.
"The Court: No objection, received."
The record clearly discloses there was a stipulation as to these figures that was agreed upon by both parties. The figures as to items 2 and 3 of the bill of particulars were used in the findings of fact, but the stipulation was not followed in the finding as to item 1 of the bill of particulars, being Finding of Fact V.
The application of the determination of the questions reviewed above requires the modification of certain of the findings of fact, as follows:
V. The court finds, as Frederick Haueter also admitted in the course of the trial, that said Haueter had received $17,277 in burial fees which were not recorded on the books of the corporation or traceable to its bank account of this amount the sum of $14,199 was received by Haueter after January 1, 1941, in the amounts and during the periods hereinafter set forth, to wit: *Page 570 

 Year Amount
The year ending Dec. 31, 1941 $ 1,395.00
The year ending Dec. 31, 1942 1,120.00
The year ending Dec. 31, 1943 2,188.00
The year ending Dec. 31, 1944 3,582.00
The year ending Dec. 31, 1945 3,711.00
Jan. 1 to Aug. 21, 1946 2,203.00
 ----------
 $14,199.00

VI. The court finds, as Frederick Haueter also admitted in the course of the trial, that said Haueter received $4, 400 as consideration for cemetery lots sold by Highland Memorial Park, Inc., which consideration was not recorded in the records of the corporation or traceable into its bank account. of this amount the sum of $4,150 was received by Haueter after January 1, 1941, in the amounts and during the periods hereinafter set forth, to wit:
 Year Amount
For the year ending 1941 805.00
For the year ending 1942 760.00
For the year ending 1943 380.00
For the year ending 1944 180.00
For the year ending 1945 1,425.00
Jan. 1 to Aug. 21, 1946 600.00
 --------
 $4,150.00

IX. On October 2, 1937, the open account of Frederick Haueter, which had been opened May 31, 1935, admittedly showed due to Highland Memorial Park, Inc., the sum of $6,081.90. The board of directors of said corporation on October 2, 1937, with knowledge of the then state of said open account, authorized an offset of $200 per month from the time said account then aggregating $6,081.90 was first opened as above stated. A write-off of $4,658.31 was subsequently and as of December 31, 1937, obtained by said Haueter without action by said board of directors which was excessive by the amount of $858.31, This transaction occurred more than six years prior to the commencement of the action and is barred by the statute of limitations.
XVII. On February 28, 1944, the stockholders of the corporation by resolution limited further issuance of its debentures *Page 571 
authorized in September, 1943, to payment of two creditors named Gaton and Rausch. On December 30, 1944, contrary to said resolution, Frederick Haueter caused $4,000 of debentures to be issued to one Olga Pohl to replace company funds withheld by said Haueter. Interest subsequently paid on said debentures to December 31, 1948, amounted to $660, and further interest will accrue at the rate of five per cent per annum on said outstanding Olga Pohl debentures to the date of the judgment.
The modification of Finding XVII is required for the reason that the original finding charged the appellant with interest on said debentures "until paid." Some of the debentures were not due until after the date of the judgment. Including sums of interest becoming due after the date of the judgment resulted in a slight duplication of interest, as the judgment itself bears interest.
The first twenty-two of the total thirty-one separate findings of fact referred to claims by the company against Haueter. Those not modified as herein provided were not appealed from or are supported by credible evidence and are affirmed. Findings XXIII to XXX, inclusive, deal with credits and offsets claimed by the appellant. The burden of proof as to those items was upon the appellant and the record discloses he has failed to establish that he is entitled to the same. Findings XXIII to XXX, inclusive, are accordingly affirmed.
Respondent contends that the trial court committed error in Finding XXXI and in its conclusions of law with respect to interest on the amounts found due the company. Finding XXXI reads as follows:
"Said Frederick Haueter, for approximately four years from 1944 to 1948 paid out for the benefit for the corporation the sum of $336 for electric current used in the cemetery for light and power billed to him by the utility and measured on a meter registered in the personal name of said Haueter. The court accepts the allocation found by said Haueter's accountant as a proper one and finds that said Haueter is entitled to credit in the accounting for the said sum of $336. *Page 572 
The respondent claims that the $336 allowed to Haueter as an offset was the full amount he paid for electric current during the period in question, and that there should have been an allocation of the amount between the company and Haueter personally. The record does not disclose anything upon which such an allocation could be based. Neither the appellant nor the respondent has moved for a new trial nor to reopen the case for further testimony. The finding is affirmed.
The respondent has also asked for a review of the fourth conclusion of law dealing with interest allowed to the respondent. The fourth conclusion of law reads as follows:
"For equitable reasons which appear in the above findings, including the long lapse of time before any accounting was demanded and the time required to liquidate and determine the amounts of the many items in suit, it is deemed just to allow interest at the minimum legal rate of five (5) per cent per annum from and after April 21, 1947, the date of the service of the cross complaint of the interpleaded defendant, upon the amount for which said Frederick Haueter is liable as adjudged in the `second' conclusion of law, less the credit $336 allowed to said Haueter."
The allowance of interest in equity cases is within the discretion of the trial court. 47 C.J.S., Interest, p. 13, sec. 3. The respondent cites cases that would have authorized the court to allow additional interest but makes no attempt to show that the court abused its discretion. It is admitted that there was a mistake made in the computation of interest at the foot of the judgment. As the interest will have to be recomputed due to the modification of the findings, this mistake will be eliminated.
The second conclusion of law will be modified to read as follows:
Second: Frederick Haueter is liable to the corporation. Highland Memorial Park. Inc., in the amounts following. *Page 573 

 (Per Finding V) For burial fees $14,199.00
 (Per Finding VI) For the selling prices of lots 4,150.00
 (Per Finding VII) On accounts receivable for
 lots and markers 1,324.05
 (Per Finding VIII) Proceeds of burial vaults
 received 256.00
 (Per Finding X) Accounts receivable as of August
 31, 1946 1,202.79
 (Per Finding XII) Unauthorized payments out
 of corporate fund between December 20,
 1944, and February 18, 1946 584.94
 (Per Finding XIII ) Rental value of house after
 August 21, 1946 625.00
 (Per Finding XIV) Interior and exterior decorating
 defrayed prior to December 31, 1945
 784.90
 — 240.00 544.90
 ---------
 (Per Finding XV) Unauthorized payment to
 Mrs. William J. Sklener 2,100.00
 (Per Finding XVI) Commissions on lots improperly
 taken 2,000.00
 (Per Finding XVII) Interest paid on debentures
 issued without authority to Olga Pohl
 (additional payments to be entered on foot of
 judgment). 660.00
 (Per Finding XVIII) Haueter's just share of
 bill of Price, Waterhouse Co. (accountants)
 4,290.00
 (Per Finding XIX) Amount wrongfully paid
 to Robert M. Beffel 325.00
 (Per Finding XXI) Proceeds of four perpetual
 care fund checks 1,093.49
 ----------
 Total subject to credit of $336) $33,355.17
 By the Court. — The judgment will be modified in accordance with this opinion, and as so modified it is affirmed. The appellant is allowed costs, including permitted costs of brief in excess of fifty pages. *Page 574